# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **PATRICIA MAYES o/b/o T.L.M.** | * | **DOCKET NO. 05-1793** |
| **VERSUS** | * | |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the above-captioned matter was referred to the undersigned magistrate judge for the administration of proceedings and entry of judgment. For the reasons assigned below, the decision of the Commissioner is **AFFIRMED** and this matter is **DISMISSED** with prejudice.

## BACKGROUND

On November 17, 2003, plaintiff, Patricia Mayes, protectively filed the instant application[1] for Supplemental Security Income (SSI) benefits on behalf of her minor daughter, T.L.M. (claimant). (Tr. 60-62).[2] Plaintiff alleged that T.L.M. became disabled as of November 17, 2003, due to functional behavioral problems, emotional stress, and hyperactivity. (Tr. 61, 82).[3] The claim was denied at the initial stage of the administrative process. (Tr. 42, 48-51). Accordingly,

---

[1] Plaintiff filed a previous application on May 21, 2003. (Tr. 58-59). It was administratively denied, and apparently not further appealed. (Tr. 40, 44-47).

[2] The court refers to the minor by her initials in accordance with LR 5.82W and the E-Government Act of 2002.

[3] T.L.M. was born on November 15, 1993. (Tr. 14).

plaintiff requested, and received an April 6, 2005, hearing before an Administrative Law Judge ("ALJ"). (Tr. 27-39). However, by decision dated May 4, 2005, the ALJ found that T.L.M. was not disabled under the Social Security Act. (Tr. 10-22). Plaintiff appealed the adverse decision to the Appeals Council. On August 5, 2005, the Appeals Council denied the request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 4-6).

On October 7, 2005, Mayes sought review before this court. She contends that the ALJ's determination that T.L.M.'s impairments do not functionally equal a listed impairment is not supported by substantial evidence.

## **STANDARD OF REVIEW**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir.

1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## LAW

On August 22, 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. 104-193, 110 Stat. 2105, which amended 42 U.S.C. §1382c(a)(3). Pursuant to this law, a child under the age of eighteen is considered disabled for purposes of SSI benefits if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(I) (1997).

The regulations set forth a three-step process for a child seeking benefits. First, the ALJ must determine if the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924. If the child is not so engaged, then the ALJ determines whether the child has a medically determinable impairment(s) that is severe. *Id*. An impairment(s) will not be deemed severe if it constitutes a "slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." *Id*. Finally, an impairment(s) that is severe must also meet, equal, or functionally equal a listed impairment. *Id*.

## DISCUSSION

The ALJ determined that T.L.M. had not engaged in substantial gainful activity since the alleged onset date. (Tr. 17, 22). He further found that T.L.M. suffers from severe impairments of borderline intellectual functioning, attention deficit hyperactivity disorder, and major depressive disorder. (Tr. 17, 22). However, the ALJ concluded that these impairments neither met nor medically equaled a listed impairment. *Id*. Accordingly, he proceeded to consider whether

T.L.M.'s impairments functionally equaled a listed impairment.

The regulations provide that an impairment is functionally equivalent to a listed impairment if it results in an extreme limitation in one domain of functioning or marked limitations in two domains.  20 C.F.R. § 416.926a.[4]  The domains include:  (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being.  20 C.F.R. § 416.926a(b).

The ALJ determined that T.L.M. exhibited moderate limitations in the domains of "acquiring and using information," "attending and completing tasks," "caring for yourself," and "moving about and manipulating objects." (Tr. 19-22). He found no limitations in the remaining two domains. *Id*. Because the claimant did not have two marked limitations or one extreme limitation of functioning, the ALJ concluded that T.L.M. did not have an impairment that functionally equaled any of the impairments listed in Appendix 1, Subpart P, of Regulation No. 4. (Tr. 21-22).

Plaintiff first contends that the ALJ's determination that T.L.M. suffered only a "moderate" limitation in the domain of "acquiring and using information" is not supported by

---

[4]  An "extreme" limitation is assessed when the impairment(s) interferes very seriously with the claimant's ability to independently initiate, sustain, or complete activities.  20 C.F.R. §416.926a(e)(3).  Day-to-day functioning may be seriously limited when the impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limit several activities.  *Id*.  An "extreme" limitation is equivalent to standardized test scores that are at least three standard deviations below the mean.  *Id*.
    The term "marked" may be established when a claimant's impairments seriously interfere with the claimant's ability to independently initiate, sustain, or complete activities.  20 C.F.R. § 416.926a(e)(2). "Marked" limitation also refers to a limitation that is more than "moderate," but "less than extreme."  *Id*.  A "marked" limitation is equivalent to standardized test scores that are at least two, but less than three standard deviations below the mean.  *Id*.

substantial evidence. Plaintiff faults the ALJ for reciting that T.L.M.'s cognitive test scores may understate her true ability. (*See*, Tr. 174). However, T.L.M.'s teacher opined that she could be an excellent student if she worked to her fullest potential. (Tr. 104).[5] In any event, T.L.M.'s cognitive scores were not the requisite two deviations below the mean. (Tr. 171-172); 20 C.F.R. § 416.926a(e)(2).

Plaintiff next challenges the ALJ's determination regarding the domain of "attending and completing tasks." She emphasizes that T.L.M.'s teacher reported that she experienced serious problems in organizing things and very serious problems in completing class and homework assignments. (*See*, Tr. 97). However, T.L.M.'s teacher also found that she suffered little or no difficulty in her ability to: pay attention when spoken to, sustain attention during play, focus enough to finish assigned tasks, refocus to task, carry out instructions, wait to take turns, change from one activity to another, work without distracting others, and work at a reasonable pace to finish on time. *Id*. In the few areas where T.L.M. experienced difficulty, she only incurred problems on a weekly basis. *Id*.

Plaintiff also contends that the ALJ's finding that T.L.M. had no limitation in the domain of "interacting and relating to others" is not supported by substantial evidence, yet there is record evidence from T.L.M.'s teacher that she participated in classroom discussions, worked well with her peers, and was not overly aggressive. (Tr. 104). Moreover, T.L.M.'s mother indicated that T.L.M. had one friend her own age, and could make new friends. *Id*.[6]

---

[5] Her teacher also observed no problems in the domain of acquiring and using information. (Tr. 96).

[6] Plaintiff observes that Jack L. Spurrier, indicated that T.L.M. suffered a marked limitation in the domain of "interacting and relating to others." (Tr. 161-166). However, even if

Plaintiff next argues that T.L.M. is markedly limited in the domain of "moving about and manipulating objects" because she scored more than two standard deviations below normal on the visual perception sub-test of the Developmental Test of Visual Motor Integration ("DTVMI"). (Tr. 125). On the test overall, however, T.L.M. scored less than two deviations below the norm. *Id*. Moreover, on the more significant motor sub-test (at least for purposes of this domain), she obtained a score less than one deviation below the norm. *Id*. It is also important to note that T.L.M.'s mother indicated that she was able to walk, run, throw a ball, ride a bike, jump rope, use scissors, work video game controls, and dress/undress dolls or action figures. (Tr. 72). T.L.M. was also able to use a zipper, button clothes by herself, tie shoelaces, bathe without help, brush her teeth, comb or brush her hair, and feed herself using a fork and spoon. (Tr. 74).[7]

In the end, there is substantial record evidence to support the ALJ's determination that T.L.M.'s impairments did not meet, equal, or functionally equal a listed impairment.[8] Of course, that is not to say that the record does not contain evidence which could be used to support a different outcome, but that is not the issue before the court. Our inquiry is limited to determining whether the Commissioner's decision is supported by substantial evidence. In this case, it is.

---

Spurrier's opinion is credited, he ultimately concluded that T.L.M.'s impairments did not functionally equal a listing. (Tr. 161-166).

[7] Plaintiff further argues that the occupational therapist found that T.L.M. could not isolate her thumbs or separate the two sides of her hands. (Tr. 125). However, the occupational therapist also found that she exhibited age-appropriate (or better) visual motor control and upper limb speed and dexterity. *Id*. The limitations identified by the occupational therapist do not appear to have markedly limited her ability to move about and manipulate objects. (*See*, Tr. 72, 74).

[8] Plaintiff did not challenge the ALJ's resolution of the remaining domains. (Pl. Brief, pg. 2). Moreover, the ALJ's determination is supported by the findings of non-examining agency physician, Tom B. Ray, Ph.D. (Tr. 197-201).

Accordingly, a separate judgment shall be entered **AFFIRMING** the decision of the Commissioner and **DISMISSING** this matter with prejudice.

THUS DONE AND SIGNED at Monroe, Louisiana, this 2nd day of March, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE